**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60175
Summary Calendar

GEORGE ODUM,

Plaintiff-Appellant,

versus

BEVERLY ENTERPRISES MISSISSIPPI, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:96CV382-D-D

November 24, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

George Odum, an African-American Certified Nurse Assistant ("CNA") resigned his employment at Lee Manor, a Tupelo, Mississippi nursing home operated by Beverly Enterprises Mississippi, Inc. in August 1996. He had been an employee since April 1994. Odum brought a timely action in the United States District Court for the Northern District of Mississippi alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ('Title VII). Specifically, Odum complained that he was constructively discharged and subject to a racially hostile work environment. Odum also brought a claim under Mississippi state law for intentional infliction of emotional distress.

On February 19, 1998 the district court issued a memorandum opinion and order granting

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

summary judgment in favor of Beverly Enterprises of Mississippi, Inc. The district court held that Odum failed to raise a genuine issue as to a material fact regarding the existence of an ultimate employment decision. Odum v. Beverly Enterprises Mississippi, Inc., Memorandum Opinion, p. 5, (February 19, 1998)(citing our decision in Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995)("Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably have some tangential effect upon those ultimate decisions.")(internal citations omitted)). The district court recognized that constructive discharge may constitute an ultimate employment decision but found that Odum had failed to offer evidence upon which a reasonable juror could find that he was compelled to resign his position. Nevertheless, the district court evaluated the substance of the instances Odum thought gave credence to his claim of constructive discharge and found that those instances failed to establish racial animus or an impermissible agenda. Id. Next, the district court found that Odum had presented insufficient evidence to support his claim that he was subjected to a hostile work environment. Finally, the district court found that Odum did not articulate sufficient evidence to support a claim for intentional infliction of emotional distress.

We review the district court's grant of summary judgment *de novo*. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). This review requires the same analysis employed by the district court. Id. (citing Turnage v. General Elec. Co. 953 F.2d 206, 212 (5th Cir. 1992)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file along with the affidavits filed in support of the motion, if any, indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.; see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The essence of our review rests on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

At the time the district court rendered its judgment, the Supreme Court had not handed down its decisions in Faragher v. City of Boca Raton, __U.S.__, 118 S.Ct. 2275 (1998) or Burlington

2

Industries, Inc. v. Ellereth, __U.S.__, 118 S.Ct 2257 (1998) which this court has held applies to claims for racial discrimination under Title VII. See Deffenbaugh-Williams v. Wal-Mart Stores, Inc., __F.3d__, 1998 WL 654810, *12 (5th Cir. 1998). These cases articulated the rule as follows:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence....No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

Farragher, 118 S.Ct at 2292-93; Burlington, 118 S.Ct. at 2270. Here, the record is complete enough for us to review Odum's claim under both the "tangible employment action" test and the "ultimate employment decision" test the district court applied. We leave for another day the determination of where, if at all, these tests intersect. We have reviewed the law, briefs, and the record and are unable to find either a "tangible employment action" or an "ultimate employment decision".

Beverly Enterprises did not discharge, demote or reassign Odum to an undesirable position. Consequently, we cannot find a tangible employment action. We reject Odum's claim for constructive discharge because facts not in dispute reveal that Odum had received only one disciplinary warning or filing. He would not have been subject to discharge until he had received at least three additional disciplinary warnings or filings.

Our case law has illuminated the meaning of "ultimate employment decision" which includes hiring, granting leave, discharging, promoting or compensating. See Dollis at 781-82 (5th Cir. 1995). It does not include such actions as disciplinary filings, supervisor's reprimands, poor performance by the employee or anything which has the potential to jeopardize employment in the future. Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997). Under the facts of this case, nothing in our case law warrants redress. Overall, we agree with the district court and cannot find either a tangible employment action or ultimate employment decision.

Next, we turn our attention to Odum's claim of constructive discharge. It is well established that a plaintiff must establish that the working conditions were so intolerable that a reasonable

3

employee would feel compelled to resign.  Faruki v. Parsons S.L.P., Inc., 123 F.3d 315, 319 (5th Cir. 1997).  Depending on the facts of the case, badgering, harassment, or humiliation by the employers calculated to encourage the employee's resignation can result in constructive discharge.  See, Barrow v. New Orleans S.S. Ass'n, 10 F.3d 292, 297 (5th Cir. 1994).   The district court properly found that a claim for constructive discharge would satisfy the requirement of an ultimate employment decision.  See Landgraf v. USI Film Products, 968 F.2d 427, 431(5th Cir. 1992).

We have looked at the evidence in this case in the light most favorable to Odum, and conclude that there is no indication that Beverly Enterprises acted with the intention of forcing Odum to resign or that Odum's resignation was a foreseeable consequence of Beverly Enterprises' actions.  While there is evidence that Odum was referred to in a pejorative racial term, we hold that there was insufficient evidence to establish that a reasonable person would find the working conditions at Beverly Enterprises intolerable.  We agree with the district court and cannot find any merit in Odum's constructive discharge claim.

We extend our analysis to Odum's hostile work environment claim.  We cannot find under the facts of this case that Odum has a credible hostile work environment claim because we cannot find discriminatory conduct severe or pervasive enough to create such an environment.  Accordingly, we affirm the judgment of the district court.

Our review of Mississippi state law results in the same conclusion reached by the district court.  As the Mississippi Supreme Court held in Wong v. Stripling, 700 So.2d 296, 306 (Miss. 1997), liability does not extend to mere insults, indignities, threats, annoyances, petty oppression or other trivialities. We are mindful of Odum's professed medical condition; nevertheless, we cannot find that he has an actionable claim under Mississippi law.  Therefore, we affirm the judgment of the district court.

AFFIRMED.

4